U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB 1 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RALPH SWEAT (DOC# 121083) | DOCKET NO. 08-CV-0917; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff **RALPH SWEAT (DOC# 121083)**, pro se and in forma pauperis, on June 24, 2008. Plaintiff was ordered to amend his complaint, and he filed an amended complaint on December 24, 2009. [Doc. #9] Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. In Plaintiff's original complaint, *which is an identical copy the complaint filed by Inmate Michael Sampson in docket number 08-CV-915*, Plaintiff sought only injunctive and declaratory relief on a class-wide basis. In his amended complaint, *also an identical copy of the amended complaint filed by Inmate Michael Sampson*, Plaintiff asks for monetary damages under 42 U.S.C. §1983, in addition to injunctive and declaratory relief. The complaint and amended complaint allege numerous violations by the defendants of the constitutional rights of WCC inmates.

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## FACTS ALLEGED

Sweat is the only named Plaintiff in the instant lawsuit, but seven other WCC inmates contemporaneously filed identical complaints in this District Court. The inmates seek class certification. Named as defendants are: Corrections Corporation of America (CCA), Warden Tim Wilkinson, Deputy Warden Tim Morgan, Deputy Warden Angel A. Martin, Chief of Security Virgil Lucas, Governor Bobby Jindal, and LDOC Secretary James LeBlanc.

In the complaint, it is alleged that the constitutional rights of WCC inmates were violated by the defendants. The complaint states that Plaintiff was personally affected by the defendants' failure to protect him from harm, a general lack of security, inadequate clothing, lack of programming, lack of substance abuse counseling and treatment, inadequate food, lack of proper sanitation, and inadequate medical care.

Because Plaintiff filed an exact duplicate of Inmate Sampson's complaint, which provided only bare, conclusory allegations, the Court ordered Plaintiff to amend the complaint and allege facts to support the conclusion that **his** constitutional rights were violated. The undersigned explained exactly what factual information Plaintiff needed to provide in the amended complaint. [Doc. #8]

Despite the specific and simple instructions of the Court, the amended complaint did not include any of the information Plaintiff was ordered to provide. In fact, Plaintiff did not even attempt to properly respond to the Court's order. He simply submitted a duplicate copy of Plaintiff Michael Sampson's amended complaint from *Sampson v. Corrections Corporation of America*, 1:08-CV-0915.[1] While Sampson's amended complaint was non-responsive in his lawsuit, he did submit documents from which the court could glean some factual details.[2] Plaintiff Sweat failed to provide a single document or allege a single fact to support the claims made in the complaint that he filed.

As to the general averments of the complaint, Plaintiff does not allege, or provide facts indicating, that *he* was ever subjected to excessive, malicious and sadistic use of force by staff or that

---

[1] It has been recommended that Sampson's suit be dismissed as frivolous.

[2] The "facts" gathered from Sampson's 156 pages of exhibits indicate that Sampson generally disagreed over the medical treatment he received at WCC and LSU Medical Center, including which medications were prescribed; that he disputed the amount of cookies served in the Cypress housing unit and had a problem with the temperature of the food served there; that Sampson wanted more time in the law library; that Sampson argued with guards; that Sampson was convicted of a disciplinary violation; that Sampson wrote the FBI seeking an investigation of WCC; that his life was endangered by Defendants serving milk with an expiration date of the day before; that he wanted thermal underwear; that he wanted a restrictive "duty status"; that his legal mail should have gone out in 1 day, not 5 days; that inmates "cut" in the lunch line and the guards do not make them go to the back of the line; etc. [1:08-cv-915, Doc. #11]

*he* was ever the victim of the alleged use of chemicals to punish or threaten inmates. Plaintiff does not allege that *he* was ever restrained by the "four and five point hand restraints" allegedly used for mentally ill inmates without cause and without proper monitoring, nor does he allege that *he* is a mentally ill inmate. Plaintiff has not alleged that *he* was ever placed in isolation for arbitrary reasons and improperly monitored. Plaintiff does not provide any facts to support the conclusory allegation that "inmates" are exposed to unreasonable risks of harm by other inmates due to inadequate staffing and unsupervised or improperly trained guards. Plaintiff does not claim to have ever been a victim of the alleged practice of "kicking out," where larger inmates force younger or more fragile inmates to give up food or personal belongings under threats of violence. Plaintiff has not alleged that a "hit" was ever placed on *him* or that another inmate was "hired" by the defendants to beat up or intimidate him. Plaintiff has not alleged that he was ever the victim of allegedly abusive and arbitrary disciplinary practices. Plaintiff does not allege that he was ever denied a disciplinary hearing. He has not alleged that Defendants ever failed to investigate complaints of abuse by the guards or thwarted *Plaintiff's* efforts to contact anyone; in fact, he has not alleged that he ever even made complaints of abuse. Plaintiff has not provided any facts indicating that he was ever denied medical or mental health care.

4

Plaintiff has not provided any facts indicating a lack of programs, recreational items, or activities to keep him occupied. Plaintiff has not alleged any facts in support of the claims that inmates are not served nutritional meals. Plaintiff has not provided facts regarding a denial of privacy in the bathrooms, or indicating that he has insufficient clothing, shoes, or linens. Plaintiff has not given any information of being denied access to the courts or being retaliated against for attempting to access the courts.

As to the alleged actions of the defendants that Plaintiff claims personally affected him - failure to protect, lack of security, inadequate clothing, lack of programming, lack of substance abuse counseling, inadequate food, lack of sanitation, and inadequate medical care - Plaintiff has not presented a single fact to support those conclusory claims.

Plaintiff has not provided **any** facts to support a claim that his constitutional rights were violated by the defendants. Plaintiff cannot litigate claims on behalf of other inmates. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (Plaintiff must assert his own legal rights and interests and cannot rest his claim on the rights and interests of others). Additionally, Plaintiff has alleged no viable past wrong, much less a continuing harm or a real and immediate threat of repeated injury in the future. See Society of Separationists, Inc. v. Herman, 959 F.2d 1283 (5th Cir. 1992)(citing Allen v. Wright, *supra*.) Plaintiff has presented only

those conclusory claims that were first presented by Inmate Michael Sampson and were copied by Plaintiff and several other inmates. See Futz v. Collins, 3 F.3d 440 (5th Cir. 1993) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)).

## CONCLUSION

For the foregoing reasons, *and for the reasons set forth in the Report and Recommendation filed in the civil rights case of Michael Sampson, docket number 1:08-CV-915*, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** as frivolous under 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United

6

Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 19th day of February, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE